**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| AMPEREX TECHNOLOGY LIMITED,<br><br>      Plaintiff,<br><br>    v.<br><br>SEMICONDUCTOR ENERGY LABORATORY CO., LTD.,<br>      Defendant. | C.A. No. 1:23-cv-272<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Amperex Technology Limited ("ATL" or "Plaintiff"), for its complaint against Defendant Semiconductor Energy Laboratory Co., Ltd. ("SEL" or "Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for a declaratory judgment of non-infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201. ATL requests relief because SEL has made clear to ATL that it believes ATL infringes U.S. Patent No. 10,741,828 (the "'828 Patent").

2. ATL has not infringed, and is not infringing, the '828 Patent, attached hereto as **Exhibit A**. ATL thus seeks a declaratory judgment to that effect, so that it may remove the cloud of uncertainty arising from SEL's allegations of patent infringement.

## PARTIES

3. Plaintiff Amperex Technology Limited is a corporation organized and existing under the laws of Hong Kong, with a principal place of business at 3503, Wharf Cable TV Tower, 9 Hoi Shing Road, Tsuen Wan, N.T., Hong Kong.

4. On information and belief, Defendant Semiconductor Energy Laboratory Co., Ltd. is a corporation organized under the laws of Japan with a principal place of business at 398 Hase, Atsugi-shi, Kanagawa 243-0036, Japan.

## JURISDICTION AND VENUE

5. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, and under the patent laws of the United States, 35 U.S.C. § 1, *et seq*.

6. The Court has subject matter jurisdiction over this action under at least 28 U.S.C. §§ 1331, 1338(a) and 2201(a). Actions for declaratory judgment of non-infringement arise under federal patent law, 35 U.S.C. § 1, *et seq*.

7.      Personal jurisdiction over SEL is proper in this Court pursuant to 35 U.S.C. § 293, which provides, in relevant part, that in cases involving a "patentee not residing in the United States" who has not filed a "written designation stating the name and address of a person residing within the United States on whom may be served process or notice of proceedings affecting the patent or rights thereunder," this Court "shall have the same jurisdiction to take any action respecting the patent or rights thereunder that it would have if the patentee were personally within the jurisdiction of the court." 35 U.S.C. § 293 (as amended by the Leahy-Smith America Invents Act).

8.      On information and belief, SEL is the owner and assignee of the '828 Patent and, as a Japanese corporation, is a "patentee not residing in the United States" under 35 U.S.C. § 293. On information and belief, SEL has not provided "a written designation stating the name and address of a person residing within the United States on whom may be served process or notice of proceedings affecting the patent or rights thereunder." *Id*. Thus, SEL is subject to this Court's personal jurisdiction under Section 293.

9.      Moreover, an actual, substantial, and continuing justiciable controversy exists between ATL and SEL as to the noninfringement of the '828 Patent. SEL purports to be the owner of all rights, title, and interest in and to the '828 Patent. SEL has made statements alleging that ATL infringes the '828 Patent and demanding that ATL license the '828 Patent. ATL has not infringed and does not infringe, directly or indirectly, any claim of the '828 Patent, either literally or under the doctrine of equivalents, nor is ATL aware of any infringement of the '828 Patent. Accordingly, a substantial controversy exists between the parties which is of sufficient immediacy and reality to warrant declaratory relief.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, as SEL is subject to personal jurisdiction in this Court under Section 293.

## BACKGROUND

11. Since its founding in 1999, ATL has become one of the distinguished producers and innovators of lithium-ion (or "Li-ion") batteries. As a result of its significant investment in research and development, ATL is renowned for developing high quality lithium polymer (known as "Li-Po") battery cells and packs. ATL's batteries are used in wide-ranging applications, including laptops, tablet computers, and smartphones. ATL supplies global electronics manufacturing companies who rely on ATL to provide rechargeable battery cells, packs, and system integration solutions to power their devices.

12. SEL is a company based in Japan that profits from the acquisition and enforcement of patents. As the company itself explains, SEL practices a "unique business model" and is "[d]edicated to the intellectual property (IP) creation cycle."[1] SEL's aggressive patent acquisition strategy has resulted in over 15,000 patents in Japan and the United States, including over 900 patents related to rechargeable batteries. This Court has previously found that SEL engaged in inequitable conduct during the prosecution of at least one patent. *See Semiconductor Energy Lab'y Co. v. Samsung Elecs. Co.*, 4 F. Supp. 2d 477, 496 (E.D. Va. 1998).

13. SEL's business model further revolves around using threats of litigation against technology companies to extract licensing fees. Specifically, SEL's pattern of behavior involves approaching productive companies to offer licenses to certain patents within SEL's patent portfolio. On information and belief, SEL has asserted patents in approximately twenty cases in the United States.

---

[1] https://www.sel.co.jp/en/corporate/index.html.

14. Related and integral to the controversy here is ATL's Li-ion battery technology. Li-ion batteries are rechargeable batteries, in which lithium ions ($Li^+$) move from the negative electrode to the positive electrode through an electrolyte to discharge, and from the positive electrode to the negative electrode through the electrolyte to charge. Li-Po batteries are Li-ion batteries that are especially valuable for providing reliable power in applications where weight is an important factor, such as portable consumer electronic devices like laptop computers and smartphones and larger systems like drones and electric vehicles.

15. As a pioneer in electronics and lithium cell technology, ATL deeply values intellectual property as an important part of its innovation. ATL has received more than 2,500 patents globally.

16. ATL likewise respects the intellectual property rights of others and strives to avoid infringing on others' intellectual property rights.

17. SEL has communicated with ATL representatives and via other channels without the protection of an NDA, including in January and February 2023, to discuss the licensing of SEL patents, including the '828 Patent. SEL has asserted that ATL's Li-ion batteries using lithium cobalt oxides for positive electrodes (the "Accused Products") infringe the '828 Patent. SEL expressed its belief that each claim element of the independent claims of the '828 Patent is allegedly met by ATL's Li-ion batteries. SEL has also threatened that ATL will lose major U.S.-based customers due to this alleged infringement. Further, SEL has demanded that ATL pay license fees to SEL to resolve this patent infringement allegation.

18. As a result of SEL's accusations, there exists a substantial controversy of sufficient immediacy and reality between ATL and SEL concerning ATL's non-infringement of the claims

of the '828 Patent. A judicial declaration is necessary to determine the parties' respective rights regarding the '828 Patent.

19. SEL's claims and allegations have cast uncertainty over ATL and its products, including with respect to ATL's business and business relationships, and have created a concrete and immediate justiciable controversy between ATL and SEL. ATL brings this case to clear its name and its battery products from SEL's infringement claims, and to protect its customers against claims of infringement that lack merit. ATL believes that: (1) the Accused Products do not infringe the '828 Patent; (2) no other ATL products infringe the '828 Patent; and (3) ATL has not induced others to infringe or contributed to the infringement by others of the '828 Patent.

20. ATL seeks a judgment declaring that it has not infringed and does not infringe, directly or indirectly, any claim of the '828 Patent, either literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale the Accused Products under 35 U.S.C. § 271.

## COUNT I: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 10,741,828

21. ATL realleges and incorporates paragraphs 1 to 20 as if fully set forth herein.

22. On information and belief, SEL is the owner of the '828 Patent, entitled "Positive Electrode Active Material Including Lithium Cobaltate Coated with Lithium Titanate and Magnesium Oxide." The '828 Patent issued on August 11, 2020.

23. The '828 Patent has two independent claims: claims 1 and 5. Claims 2–4 and 6–8 are dependent claims. Claims 2–4 depend on claim 1, and claims 6–8 depend on claim 5.

24. Claim 1 of the '828 Patent recites:

> 1. A lithium-ion secondary battery comprising a positive electrode active material layer comprising:

>   a positive electrode active material particle comprising a first transition metal, a second transition metal, a representative element, and fluorine,
>   wherein the representative element and the fluorine are present in a crack portion observed from a TEM image in the positive electrode active material particle.

25. Claim 5 of the '828 Patent recites:

>   5. A lithium-ion secondary battery comprising a positive electrode active material layer comprising:
>   a positive electrode active material particle comprising a first transition metal, a second transition metal, a representative element, and fluorine,
>   wherein the representative element and the fluorine are present in a portion which includes crystal defects observed from a TEM image in the positive electrode active material particle.

26. ATL does not directly or indirectly infringe independent claim 1 or dependent claims 2–4 of the '828 Patent, either literally or under the doctrine of equivalents, at least because ATL's Accused Products do not have a "a crack portion . . . in the positive electrode active material particle" wherein "the representative element and the fluorine are present" as required by claims 1–4 of the '828 Patent. Additionally, ATL does not directly or indirectly infringe claims 2 or 3, either literally or under the doctrine of equivalents, because the Accused Products do not have the specific concentrations claimed.

27. Further, ATL does not directly or indirectly infringe independent claim 5 or dependent claims 6–8 of the '828 Patent, either literally or under the doctrine of equivalents, at least because ATL's Accused Products similarly do not have "a portion which includes crystal defects . . . in the positive electrode active material particle" wherein "the representative element and the fluorine are present" as required by claims 5–8 of the '828 Patent. Additionally, ATL does not directly or indirectly infringe claims 6 or 7, either literally or under the doctrine of equivalents, because the Accused Products do not have the specific concentrations claimed.

28. Additionally, as a further defense to infringement, ATL previously used the accused subject matter pursuant to 35 U.S.C. § 273 in batteries sold in the United States well before the priority date of the '828 Patent.

29. As a result, ATL does not infringe any of the claims of the '828 Patent.

30. ATL seeks and is entitled to a declaratory judgment that neither ATL nor ATL's Accused Products infringe or have infringed under 35 U.S.C. § 271 (or any sub-section thereof) any claim of the '828 Patent.

31. Because ATL and ATL's products do not infringe, and because the use of those products by ATL's customers does not infringe under 35 U.S.C. § 271 (or any sub-section thereof) any claim of the '828 Patent, ATL seeks and is entitled to a declaratory judgment that: (1) ATL's Accused Products have not infringed any claim of the '828 Patent and (2) ATL's Accused Products do not infringe any claim of the '828 Patent based on their customers' purported use of their products and/or services, or otherwise.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, ATL requests trial by jury for all causes of action, claims, or issues in this action that are so triable.

## REQUEST FOR RELIEF

WHEREFORE, ATL respectfully requests the Court to enter judgment in its favor and against SEL as follows:

1. Judgment in favor of ATL and against SEL declaring that ATL and ATL's products do not directly or indirectly infringe the '828 Patent, either literally or under the doctrine of equivalents, and that ATL is not liable for damages or injunctive relief based on any valid claims of the '828 Patent;

2. That the case be found exceptional under 35 U.S.C. § 285 and that ATL be awarded its attorneys' fees;

3. For an award of costs and reasonable attorneys' fees incurred in connection with this action; and

4. An award of prejudgment and post-judgment interest; and

5. For such other and further relief as the Court deems just and proper.

Date: February 28, 2023

Respectfully submitted,

*/s/ Nathan S. Mammen*
Nathan S. Mammen (Virginia Bar No. 68396)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 389-5000
nathan.mammen@kirkland.com

Brandon H. Brown (*pro hac vice* forthcoming)
bhbrown@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street, Suite 2700
San Francisco, CA 94194
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Yimeng Dou (*pro hac vice* forthcoming)
yimeng.dou@kirkland.com
Lindsey Y. Shi (*pro hac vice* forthcoming)
lindsey.shi@kirkland.com
KIRKLAND & ELLIS LLP
555 South Flower Street, Suite 3700
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Amperex Technology Limited*