IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |
|---|---|
| AMPEREX TECHNOLOGY LIMITED,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SEMICONDUCTOR ENERGY LABORATORY CO., LTD.,<br>　　　　Defendant. | Civil Action No.: 1:23-cv-272-PTG-LRV |

**DEFENDANT SEMICONDUCTOR ENERGY LABORATORY CO., LTD.'S STATEMENT REGARDING STATUS OF PROCEEDINGS RELATED TO THE ASSERTED PATENTS**

Given the development and posture of this case, the Court might be forgiven if it forgot that ATL is the declaratory judgment *plaintiff* in this lawsuit. But it shouldn't. It filed this lawsuit in February 2023, over a year ago now, and there hasn't even been a scheduling conference or a Rule 26(f) conference yet. After filing suit purportedly to remove a cloud of uncertainty from above its head, ATL moved to dismiss *its own lawsuit* on patentability grounds; it sought a stay of the litigation in light of two Patent Office proceedings before they had even been instituted, an extreme rarity in this Division. We now know that neither of those *inter partes* reviews were instituted. Nevertheless, ATL now says a stay remains appropriate because it filed a new, different Patent Office proceeding, an *ex parte* reexamination, for one of the patents in suit, and may do so for the other. These serial attempts to delay the start of this case should be rejected. Indeed, *nothing* prevented ATL from filing the IPRs or the ex parte reexaminations (or both) *before* it filed

this declaratory judgment action. Its strategic decision on timing should no longer stall this case at the starting line.

\*\*\*

ATL's Motion to Stay Pending Inter Partes Review was based solely on the outcome of the two *inter partes* reviews petitions it filed. (*See* Dkt. 38.) The PTAB has now denied institution of both petitions and no basis for maintaining the stay remains from ATL's motion. Against this background, ATL's Statement Regarding Status of Proceedings introduces *new* grounds to purportedly justify extending the stay, is based to a large degree on new post-grant petitions that ATL could have filed at the start of the case, and neglects to mention crucial statistics regarding the significant amount of time it will take for the Patent Office to address the various new petitions ATL filed. In fact, with respect to the '660 patent, ATL's Statement goes so far as to rely on petitions for Director Review[1] and ex Parte Reexamination that ATL has not even filed yet. The question before the Court is straightforward: *now that the PTAB has denied institution on both IPRs, should this litigation—which ATL initiated in the first place—now proceed*? The answer is simple: *of course it should, immediately*.

Notwithstanding the aspirational language of ATL's Statement, the PTAB is highly unlikely to grant ATL's Request for Rehearing for the '828 Patent's IPR petition. While it is possible for a party to request a rehearing when PTAB makes a decision on institution, the chance of succeeding in such a proceeding is extraordinarily low. From April 2013 to February 2024, there were 180 rehearing requests regarding IPR institution decisions, and only 16—less than 9%—have been granted. *See* Ex. A.

---

[1] ATL's Statement also refers to these filings as Petitions for Rehearing.

2

ATL has never mentioned ex Parte Reexamination (EPR) proceedings before. Its Motion to Stay (Dkt. 38) only refers to the two IPR proceedings, both of which were denied institution, as ATL has acknowledged in its Status Report (Dkt. 52). An EPR can be filed at any time and nothing required ATL to wait for its IPR petitions to fail before filing an EPR. ATL could have, but did not, mention its intent to file EPRs during the October 5, 2023 Hearing on its stay motion. (*See* Dkt. 46; Ex. B (Oct. 5, 2023 Hearing Tr.).) ATL's delay in filing EPRs, whether intentional or not, should not be used to prejudice SEL's right to pursue its infringement claims in this Court.

Moreover, ATL glosses over key statistics regarding EPRs. While EPR institution grant rates are high, the chances of **all** claims being cancelled in an EPR initiated by a third party requester is only 15.2%.[2] The outcome of the EPRs, therefore, are unlikely to simplify the issues in the current case. *See, e.g., Akzenta Paneele + Profile GmbH v. Unilin Flooring N.C. LLC*, 464 F. Supp. 2d 481, 486 (D. Md. 2006) ("It is more likely, however, that the claims will not be totally cancelled, based on [relevant statistics of *ex parte* reexaminations]. As a result, even after reexamination, invalidity will continue to be an issue so a stay would not preserve many resources."). Further, unlike IPR proceedings, EPR proceedings take much longer and do not have statutorily-mandated timelines. The average time between the filing date to certificate issue date of an EPR is 25.2 months, over two years.[3]

ATL's reliance on a Director Review petition, let alone a Director Review petition *it has not even filed* as of the time of this report, fares no better. Director Review requests are seldom granted. Director Reviews were created after the Supreme Court decision in *United States v. Arthrex, Inc.* 141 S. Ct. 1970 (2021). Since then, the Director Review process allows parties to

---

[2] *See Ex Parte* Reexamination Filing Data, Sept. 30, 2023, USPTO on p. 2. UNITED STATES PATENT AND TRADEMARK OFFICE (uspto.gov)
[3] *Id.*

seek review of the PTAB's "(1) decision whether to institute a trial, (2) final written decision, or (3) decision granted a request for rehearing."[4]  Between July 2021 and February 2024, a total of 357 Director Reviews were requested, but only 49 were granted and 2 were delegated to a Rehearing Panel.  Among those, a total of only 11 Director Reviews vacated the PTAB's decision denying IPR institution.[5]  In other words, ATL's likelihood of success in convincing the USPTO to vacate the denial of institution for each IPR proceeding is around 3%.

ATL chose to file the current case in the Eastern District of Virginia, *in Alexandria*, a venue renowned for the speed of its docket.  However, ATL keeps delaying the case with various motions: a Motion to Dismiss (Dkt. 27), followed by a Motion to Stay Pending IPR (Dkt. 38).  When ATL's latest attempt to delay the case—the IPR proceedings—were denied institution, they tried other tools to extend the stay.  ATL is the party that represented to the Court that there was a cloud over its head and its infringement of the '828 Patent was of sufficient "immediacy and reality" to warrant a declaratory judgment action in the first place. (Dkt. 1 at ¶¶ 9, 18.)  By doing so, it forced SEL into filing its compulsory counterclaim for infringement of that same patent.

Nothing prevents ATL from continuing to pursue its right at the PTO, but the time now has come to proceed in this Court on the claims that ATL asserted, and SEL counterclaimed.  As a result, SEL respectfully asks the Court to lift the stay and issue forthwith the standard order setting the Rule 16(b) Scheduling Conference and formally opening fact discovery.

---

[4] Revised Interim Director Review Process, USPTO, https://www.uspto.gov/patents/ptab/decisions/revised-interim-director-review-process.

[5] Status of Director Review Requests, USPTO, https://www.uspto.gov/patents/patent-trial-and-appeal-board/status-director-review-requests (last visited March 15, 2024).

Respectfully submitted,

**FISH & RICHARDSON P.C.**

Dated: March 18, 2024         By:  /s/ Ahmed J. Davis
Ahmed J. Davis (Va. Bar No. 43982)
adavis@fr.com
Menglin Sun (*Pro Hac Vice*)
msun@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW, Suite 1000
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

David Barkan (*Pro Hac Vice*)
barkan@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 400
Redwood City, CA 94063
Phone: (650) 839-5070
Fax: (650) 839-5071

Christina Brown-Marshall (*Pro Hac Vice*)
brown-marshall@fr.com
Fish & Richardson P.C.
1180 Peachtree St., NE
21st Floor
Atlanta, GA 30309
Phone: (404) 892-5005
Fax: (404) 892-5002

Excylyn J. Hardin-Smith (*Pro Hac Vice*)
hardin-smith@fr.com
FISH & RICHARDSON P.C.
7 Times Square, 20th Floor
New York, NY 10036
Tel: (212) 765-5070
Fax: (212) 258-2291

        Nan Lan (*Pro Hac Vice*)
        lan@fr.com
        FISH & RICHARDSON P.C.
        1717 Main Street, Suite 5000
        Dallas, TX  75201
        Tel: (214) 747-5070
        Fax: (214) 747-2091

        *Counsel for Defendant* SEMICONDUCTOR ENERGY LABORATORY CO., LTD.,

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been electronically filed with the Clerk of the Court on March 18, 2024 using the CM/ECF system which does send notification of such filing to all counsel of record.

*/s/ Ahmed J. Davis*
Ahmed J. Davis (Va. Bar No. 43982)
adavis@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW, Suite 1000
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331