**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

|  |  |
|---|---|
| AMPEREX TECHNOLOGY LIMITED, | ) )  ) |
| Plaintiff, | ) ) |
| v. | ) No. 1:23-cv-00272-PTG/LRV ) |
| SEMICONDUCTOR ENERGY LABORATORY CO., LTD., | ) ) ) |
| Defendant. | ) ) ) |

**BRIEF IN SUPPORT OF MOTION TO SEAL**

Plaintiff Amperex Technology Limited ("ATL") has moved for leave to file amended counter-counterclaims against Defendant Semiconductor Energy Laboratory Co., LTD ("SEL"). In support of that motion, ATL has filed a redacted version of the proposed amended pleading in the public record and filed a complete version under seal (Dkt. No. 79-1; ***filed under seal as*** Dkt. 80). The redacted information has been produced by SEL, and SEL contends that it is confidential business information entitled to being shielded under the protective order entered in this action. Therefore, ATL has filed the amended counter-counterclaims under seal.

**I.      REGIONAL CIRCUIT AND LOCAL LAW APPLIES.**

The parties in this action have asserted claims, counterclaims, and counter-counterclaims under the Patent Act, 35 U.S.C. §§ 1 *et seq*. In patent infringement litigation, any procedural matters that do not implicate issues unique to patent law are governed by regional circuit and local district law. *Biodex Corp. v. Loredan Biomedical, Inc.*, 946 F.2d 850, 857 (Fed. Cir. 1991) (regional circuit and local rules govern procedural matters); *Semiconductor Energy Lab. Co., Ltd. v. Samsung Electronics Co., Ltd.*, 24 F. Supp. 2d 537, 539 n.2 (E.D. Va. 1998) (same). This

1

includes procedural matters like protecting "trade secrets" during the pretrial phase of a case. *See Heat & Control, Inc. v. Hester Indus., Inc.*, 785 F.2d 1017, 1022 & n.4, 1025-26 (Fed. Cir. 1986) (protective orders regarding trade secrets governed by regional circuit law). Specifically, the Court would apply regional circuit law on the issue of sealing. *Uniloc 2017 LLC v. Apple, Inc.*, 964 F.3d 1351, 1357 (Fed. Cir. 2020); *Level 3 Comm., LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 575 (E.D. Va. 2009) (in patent infringement action, "the law of the United States Court of Appeals for the Fourth Circuit in analyzing [a] motion to seal, which clearly is procedural and does not implicate any issues unique to patent law"). Thus, Fourth Circuit law and Eastern District of Virginia local rules and law are applied in this sealing motion.

## II. THE PROCEDURAL REQUIREMENTS FOR SEALING HAVE BEEN MET.

Under the local rules, a party may file a motion to seal together with the proposed sealed filings. E.D.VA.CIV.R 5(C). Thereafter, the Court will determine whether sealing is proper.

Under Fourth Circuit law, the district court must do the following prior to sealing any court records:

> (1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000). Each procedural requirement has been addressed.

### A. PROPER NOTICE HAS BEEN GIVEN.

To satisfy the first procedural requirement, the Court must provide notice of a request for sealing in the court record and provide interested persons with "an opportunity to object." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Individual notice is not required, and the Court may give adequate notice either by "notifying the persons present in the courtroom of the

request to seal" at the time of the hearing, or by "docketing [the sealing request] in advance of deciding the issue." *Id.* In accordance with Local Civil Rule 5(C) procedures, ATL's sealing motion has been publicly docketed in advance of any ruling, accompanied by a notice that any party or nonparty could object, which satisfies the first procedural requirement.

### B. REDACTIONS HAVE BEEN USED IN LIEU OF BLANKET SEALING.

To satisfy the second procedural requirement, the Court must consider using redactions or limited sealing (either in scope or duration) in lieu of permanent, blanket sealing. *See United States ex rel. Carter v. Halliburton Co.*, No. 1:11cv602, 2011 U.S. Dist. LEXIS 136462, *8; 2011 WL 8204612, *3 (E.D. Va. Nov. 29, 2011) (limited redaction approved as opposed to "sealing the brief *in toto*"). While ATL does not concede that the redacted information is confidential business information that must be redacted and sealed, at this stage, ATL has applied redactions as requested by SEL to protect SEL's alleged confidential business information, while reasonably accommodating the public's right of access to judicial records,  ATL is only following the procedures specified in the stipulated protective order, and reserves all rights to dispute the appropriateness of SEL's requested redactions.

### III. SEL BEARS THE BURDEN OF PROOF TO JUSTIFY SEALING.

To satisfy the third procedural requirement, the Court must make specific findings, supported by the record, that justify sealing under the applicable standard. Under Local Civil Rule 5(C), ATL has filed this sealing motion "because [SEL] has designated that material as confidential." E.D.VA.CIV.R. 5(C). The local rules provide further that "the party designating the material as confidential must file a response to [this sealing] motion [and that response] must compl[y] with requirements (2), (3), and (4)" of Local Civil Rule 5(C), and submit "a proposed order." *Id.* Since the alleged confidential business belongs to SEL, SEL must file a sealing

response to satisfy the third procedural requirement. ATL does not concede that sealing is warranted, and reserves the right to object to sealing when and as appropriate.

## CONCLUSION

Accordingly, the Court should grant this motion to seal.

DATED:  June 19, 2024

*Of Counsel:*

Brandon H. Brown (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
555 California Street, Suite 2700
San Francisco, CA 94194
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
bhbrown@kirkland.com

Yimeng Dou (admitted *pro hac vice*)
Lindsey Y. Shi (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
555 South Flower Street, Suite 3700
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500
yimeng.dou@kirkland.com
lindsey.shi@kirkland.com

Laura Uhlenhuth (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
95 State Street
Salt Lake City, UT 84111
Telephone: (801) 877-8168
Facsimile: (801) 877-8101
laura.uhlenhuth@kirkland.com

*Attorneys for Plaintiff Amperex Technology
Limited*

Respectfully submitted,

*/s/ Craig C. Reilly*
Craig C. Reilly (Virginia Bar No. 20942)
209 Madison Street, Suite 501
Alexandria, Virginia 22314
T: (703) 549-5354
F: (703) 549-5355
E: craig.reilly@ccreillylaw.com

Nathan S. Mammen (Virginia Bar No. 68396)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 389-5000
nathan.mammen@kirkland.com

*Attorneys for Plaintiff Amperex Technology
Limited*

4